UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY ANDERSON SALAMANCA
ORJUELA A-221-032-453,

        Petitioner,

  v.

WARDEN, CALIFORNIA CITY
DETENTION FACILITY, et al.,

        Respondents.

No.  1:26-cv-1885-DC-CKD P

ORDER TO SHOW CAUSE

On March 9, 2026, Mery Salamanca Orjuela signed and filed a petition attempting to seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on petitioner's behalf. (ECF No. 1.) However, the petition was not signed by petitioner Henry Anderson Salamanca Orjuela, the real party in interest. On March 13, 2026, the court sent petitioner a copy of the petition filed on his behalf and ordered that he file a signed petition within 30 days. Petitioner has not filed a signed petition or otherwise responded to the court's order dated March 13, 2026.

In limited circumstances, a "next friend" may be permitted to file a habeas action on behalf of another individual. See 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." (emphasis added)). "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental

1

incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." Coal. of Clergy, Laws., and Professors v. Bush, 310 F.3d 1153, 1159-60 (9th Cir. 2002); see Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). However, an individual filing a habeas petition as a next friend may not appear without counsel because individuals appearing pro se are only permitted to represent themselves, not others. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

In addition, under Rule 2(c)(5) of the Rules Governing Habeas Corpus Cases Under Section 2254,[1] a habeas petition must "be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Here, the petition does not adequately explain why petitioner was unable to sign the petition and does not make clear whether Mery Salamanca Orjuela is authorized to sign for petitioner.

The undersigned previously informed petitioner the court would not consider the arguments in the petition unless petitioner signed and filed a petition. That order was served by mail to petitioner Henry Anderson Salamanca Orjuela's address of record. The time for petitioner to respond has expired and petitioner has not filed a signed petition or otherwise responded to the court's order. Accordingly, it appears the petition should be dismissed without prejudice. In order to avoid a recommendation that this case be closed, petitioner shall file a signed petition or show cause in writing why the petition should not be dismissed within 21 days.

Good cause appearing, IT IS ORDERED that within 30 days from the date of this order, petitioner Henry Anderson Salamanca Orjuela shall either file a signed petition or show cause in writing why this case should not be dismissed; failure to respond to this order will result in a recommendation that the petition be dismissed without prejudice and this case be closed.

Dated:  May 11, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 orju1885.osc.2241

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

2